RECEIVED
USDC. CLERK, CHARLESTON, SC

Louis Z. Lawrence,

              Petitioner,

vs.

Warden Darlene Drew,

              Respondent.

) C/A No. 2:10-2287-JMC-BM
)
)
)
)
)
)
)  Report and Recommendation
)
)

2010 NOV 23 A 11: 32

---

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89

(2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner, an inmate at Federal Correctional Institution (FCI) Bennettsville, states that he was placed in the special housing unit (SHU) "with another inmate in what was to have been a single man cell." ECF No. 1, page 8. Petitioner claims that, by placing inmates together in SHU, the unit "is operating outside of even the FBOP policies." *Id*. Petitioner alleges that the SHU cells are too small to accommodate two prisoners and that he received an unspecified injury during his placement in the cell. *Id*. Petitioner seeks an order requiring the SHU to "be brought up to the FBOP policies . . . and that no inmate be placed into a two man cell when being placed into the SHU at this facility." *Id*. at 9.

## Discussion

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Moreover, a

petition for habeas corpus under § 2241 is the proper method to challenge the execution of a federal sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). However, a civil rights action is the proper vehicle to challenge "the conditions of [a prisoner's] prison life, but not [] the fact or length of his custody." *Preiser*, 411 U.S. at 499.

In *Preiser v. Rodriguez*, the Supreme Court held that when a prisoner challenges the fact or length of his confinement and seeks release from that confinement, his sole federal remedy is a writ of habeas corpus. *Preiser,* 411 U.S. at 500. While the Court reserved judgment on the question of whether challenges to prison conditions may be brought under 28 U.S.C. § 2241, several circuit courts have since held that claims challenging the conditions of a prisoner's confinement are not properly brought in a habeas petition. *See Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005) (claim for deliberate indifference to a prisoner's medical needs was not cognizable under § 2241, as release from custody was not an available remedy); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)(per curiam)(if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is a civil rights action); *Badea v. Cox*, 931 F.2d 573, 574 (9th

Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement . . . . [a] civil rights action, in contrast, is the proper method for challenging 'conditions of confinement.'"). *See also Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983)(holding that a claim seeking injunctive relief, which was unrelated to the legality of a prisoner's confinement, was cognizable under 28 U.S.C. § 1983, but not under 28 U.S.C. § 2254); *Warman v. Philips*, Civil Action No. 1:08cv217, 2009 WL 2705833 at *3 (N.D.W.Va. Aug. 25, 2009)(holding that it is well established that a § 2241 petition "may not be used to challenge [an] inmate's conditions of confinement").

In the present action, Petitioner claims that policies of the Federal Bureau of Prisons (FBOP) and Petitioner's constitutional rights have been violated by his placement in an over-crowded cell. Thus, while Petitioner places his allegations on a § 2241 petition, he is clearly challenging a condition of his confinement, rather than the execution of his sentence. As such, Petitioner fails to state a cognizable claim under § 2241.[1]

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. The Clerk of Court has been directed to mail the standard complaint form, used by federal prisoners to file a *Bivens* action, to the Petitioner.

<u>Recommendation</u>

Therefore, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

November 23 , 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).